UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
_____ DIVISION

Case No. _____ 00- 2927

CIV-MORENO

Lorna Beach-Allen

Plaintiff

MAGISTRATE JUDGE
DUBÉ

vs.

1) Economic Opportunity Family Health Center, Inc. (EOFHC), and
2) Chantal Hafke

Defendants

## COMPLAINT

I, __Lorna Beach-Allen__ plaintiff, in the above-styled cause

sue defendants: __Economic Opportunity Family Health Center, Inc. and Chantal Hafke__

This action is filed under:

A) TITLE 1, Americans With Disabilities Act of 1990 and,
B) TITLE VII, Civil Rights Act of 1964, as amended.
C) E.E.O.C. Charge Number: 150 99 1467

## STATEMENT OF FACTS

This cause of action is based on employment discrimination. During the years 1997 through 1999, the Defendants, willfully and maliciously, violated the Plaintiff's civil rights with regards to two of the federally protected categories of Disability and Religion. (Equal Employment Opportunity Commission Charge Number: 150991467).

In so doing, the following offenses and consequences of actions, were committed and caused, respectively, by the Defendants, against the Plaintiff:

a) Discrimination based on Disability and Religion.
b) Wrongful demotion.
c) Emotional distress, harassment and stress.
d) Slander, and defamation of character.
e) Loss of income.
f) Verbal, mental and physical abuse.
g) Pain and suffering.

Plaintiff is a qualified individual with a disability. On April 6, 1998, Plaintiff was summoned to the office of the Director of Special Populations. Suddenly, and without warning and opportunity for redress, Plaintiff was wrongfully demoted from the position of Program Coordinator/Manager to the position of Case Manager, despite the fact that she had no case management training, qualifications or experience. This new position came with the same salary, but without managerial or supervisory functions.

This drastic action by Defendant #2, Chantal Hafke (Plaintiff's immediate supervisor) included the urgent and immediate demand for Plaintiff's office keys. There was issued a stern warning that Plaintiff was not to return to her office until the next day when Defendant #2 decided that it was more convenient to personally accompany her (Plaintiff) there. Subsequent to this action, Plaintiff was denied access to her personal belongings, including lunch; personal calculator; money; handbag containing personal items and papers; various gift items from subordinates; and certificates of achievement.

Defendant #2 then told Plaintiff, in the presence of Julio Occttaviani, another manager, that she (Plaintiff) would "mess up the files" if allowed to go back to her office.

Defendant #2 also stated that the "lateral transfer" was taking place because "one person cannot run a program." Please note that prior to that incident, Defendant #2 had willfully, and maliciously, deterred Plaintiff from hiring competent subordinate staff members, which caused the shortage of staff in the program. It was a concentrated effort by Defendant #2 to cause the Plaintiff more stressful working conditions, and a much heavier workload.

Additionally, in the preceding months and weeks, Defendant #2 had subjected the Plaintiff to verbal harassment in the form of derogatory words and statements, and public ridicule during staff and board meetings. This was done in retaliation for Plaintiff's refusal (on several occasions) to attend Defendant #2s church, and church-sponsored events (e.g. house parties/dinners, beach parties, softball games, etc). On one particular occasion, when Plaintiff refused Defendant #2s invitation to attend a Women's Workshop (church-held), Defendant #2, looking visibly upset, shoved a brochure into Plaintiff's hand and insisted that she (Plaintiff) attend that particular meeting at her church site.

This was done despite the fact that Plaintiff had already explained that she was a Buddhist, and held a different set of beliefs that would not permit her to attend the church. Defendant #2 then told the Plaintiff that, at the workshop, she (Plaintiff) would be taught "how to be a woman." Defendant #2 later allegedly tried to denigrate Plaintiff's religion by referring to Buddhism as "Voodooism."

Defendant #2 also subjected Plaintiff to closer supervision. An example of this is the fact that Defendant #2 would frantically insist that Plaintiff sit next to her (especially at external meetings), despite Plaintiff's polite declinations. Less than two months after being given that supervisory role, Defendant #2 retaliated in the most humiliating, embarrassing, emotionally distressing, and slanderous way – by demoting the Plaintiff to a lesser position in the presence of a peer (Julio Occttaviani).

Defendant #2's actions before, and on April 6 1998, contributed to, and further exacerbated, Plaintiff's physical pain and suffering (severe back pain, muscle spasms,

pinched nerves, etc.). In so doing, she caused the Plaintiff's mind and body to "go into shock" and to become further physically disabled. The Plaintiff subsequently lost much-needed income and the ability to adequately support her three young children, to the extent that she had to later apply for Public Assistance in an effort to "make ends meet."

Defendant #1 violated Plaintiff's civil rights in that they terminated her employment while she was on an approved leave of absence based upon disability. They also forced the Plaintiff to make weekly trips to their office to pick up her disability checks, instead of mailing them to her, as often requested. This action, spiteful in nature, caused a hardship on the Plaintiff and succeeded in prolonging her period of disability and recovery. Upon attaining approval for return to work by Plaintiff's doctor, Plaintiff contacted Defendant #1's Human Resources Department. After being given the "runaround" for two days, Plaintiff was informed by H.R. Director, Carolyn Broughton, that her position had been filled, and that they no longer had a position for her. After repeated attempts to be reinstated (i.e. numerous telephone calls and many office visits), Plaintiff was not put back to work.

In fact, Defendant #1 tried to thwart Plaintiff's efforts to obtain income for herself and her minor children by stopping the issuance of Unemployment Compensation checks to the Plaintiff. They falsely stated to the Department of Labor's Adjudicator that they did not terminate Plaintiff's employment in September 1998. Plaintiff, however, was later able to prove that Ms. Broughton had indeed lied to the Department of Labor about not terminating Plaintiff's employment while she was on approved disability leave. Consequently, Plaintiff's checks were immediately released to her.

Defendant #1 did also violate the Plaintiff's rights under the A.D.A. by compelling the Plaintiff to perform manual labor, although those functions (cleaning and security) were not contained in her job description. The Plaintiff's permanent disability consists of a back injury, which precludes her from performing strenuous, "back breaking" tasks. Yet, despite this fact, Defendant #1 through its senior management staff, forced the Plaintiff to clean up its program offices and sometimes secure its building (located in donated space).

During the period of March 1997 through April 1998, Plaintiff was forced to mop and sweep floors; wash dishes and clean countertops; clean out a refrigerator; scrub bathroom sinks and toilet bowls; wash exterior walls, empty trash cans; and lock up the building. Despite repeated request for a cleaning crew to perform those functions, none was provided, except for a very short period of time – approximately six weeks. Plaintiff was the only manager who was required to perform those functions on a daily and weekly basis. Defendants #1 and #2, for the most part, ignored Plaintiff's repeated requests for help and continued to order her, and her staff, to perform duties unrelated to their job descriptions.

Both Defendants have also fabricated at least one document (after the fact), and have presented lies, omissions, and other erroneous facts to the Equal Employment Opportunity Commission, in an effort to protect themselves from the Plaintiff's charges.

## *REQUEST FOR RELIEF*

Wherefore, I pray that the Court will grant the Plaintiff the following relief:
a) A trial by jury in which the facts and evidence of the case may be heard and adjudged.
b) An order by the Court that will compel the Defendants to abide by the legal statutes.
c) A money judgment by the Court, compelling the Defendants to pay an award to the Plaintiff in the amount of $2,000,000.00 (Two Million Dollars) for actual, punitive, and compensatory damages.

This money judgment, and other relief, will serve to make the Plaintiff whole with regard to the above-stated offenses committed against her by the Defendants.

Signed this ___9th___ day of ___August___, 2000.

*Lorna Beach-Allen*

251 NW 177th Street, #207
Miami, FL 33169
Tel/Fax: (305) 623-8997
E-mail: lmallenbee@earthlink.net

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | 150 99 1467 |

_____ and EEOC
*State or local Agency, if any*

**NAME** (Indicate Mr., Ms., Mrs.): Ms. Lorna Beach-Allen
**HOME TELEPHONE** (Include Area Code): (305) 652-2555
**STREET ADDRESS / CITY, STATE AND ZIP CODE**: 18800 N.W. 2nd Avenue #219d, Miami, FL 33169
**DATE OF BIRTH**: 02/23/1956

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

**NAME**: Economic Opp. Family Health Center
**NUMBER OF EMPLOYEES, MEMBERS**: Cat B (101-200)
**TELEPHONE**: (305) 341-7762/63
**STREET ADDRESS / CITY, STATE AND ZIP CODE**: 5361 N.W. 22nd Avenue, Miami, FL 33142
**COUNTY**: 025

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 04/06/1998    LATEST: 01/06/1999
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

I am a qualified individual with a disability. On April 6, 1998, I was demoted from the position of Program Coordinator/ Manager, to Case Manager with the same salary, without managerial functions. I have been subjected to harassment and closer supervision because I do not belong to the same religion as my supervisor. I have been on approved disability leave from 4/7/98 to 1/6/99. On 1/7/99, when I informed the Human Resources Director, Carolyn Broughton, that I was authorized to return to work on 1/11/99, she informed me that my position had already been filled. I have been working for the above referenced employer since December 30, 1996.

Chantal Hafke, Director of Special Population informed me that I was transferred/demoted because "one person cannot run a program". No reason was given for the harassment or the discharge.

I believe that I have been discriminated against because of my religion Buddhist, and my disability in violation of the Americans with Disability Act of 1990, and Title VII of the Civil Rights of 1964, as amended.

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 2/1/99
Charging Party (Signature): Lorna Beach-Allen

**NOTARY** - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT: Lorna Beach-Allen

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year): 2/1/99

EEOC FORM 5 (Rev. 06/92)

# U.S. Equal Employment Opportunity Commission
## DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Lorna Beach-Allen<br>18800 N. W. 2nd Avenue, #219 D<br>Miami, Fl 33169 | Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge Number | EEOC Representative | Telephone No. |
|---|---|---|
| 150991467 | Susan A. Mann, Senior Investigator | (305)536-5883 or 536-4491 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## -- NOTICE OF SUIT RIGHTS --
*(See the additional Information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

**MAY 11 2000**
*(Date Mailed)*

On behalf of the Commission

Federico Costales, District Director

cc:
Economic Opportunity Family Health Center

c/o Reginald J. Clyne, Esquire

Simmons & Clyne, P. A.

Douglas Centre, Penthouse Two

2600 Douglas Road

Coral Gables, Florida 33134

EEOC Form 161 (10-96)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 00-2927

CIV-MORENO

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

**I. (a) PLAINTIFFS**: LORNA BEACH-ALLEN

**DEFENDANTS**: ECONOMIC OPPORTUNITY FAMILY HEALTH CENTER
CHANTAL MAGISTRATE JUDGE DUBÉ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER): A-Dade: 00-2927 CV-FAM/Dube

ATTORNEYS (IF KNOWN): REGINALD J. CLYNE, ESQ., DOUGLAS CENTRE, PENTHOUSE TWO, 2600 DOUGLAS ROAD, CORAL GABLES, FL 33134

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans Excl. Veterans | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

A) TITLE 1, AMERICANS WITH DISABILITIES ACT OF 1990
B) TITLE VII, CIVIL RIGHTS ACT OF 1964, AS AMENDED
E.E.O.C. CHARGE NUMBER: 150 99 1467 [DISCRIMINATION — DISABILITY, RELIGION]

LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND** $ 2,000,000.00 CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 8/9/00
SIGNATURE OF ATTORNEY OF RECORD: Lorna Beach-Allen (Pro Se)

$150.00  826752

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE 08/10/00